# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| NICOLE A. HOWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-702-ALM-KPJ |
| | § | |
| JUSTICE COURT 3-1 OF COLLIN COUNTY, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Justice Court 3-1 of Collin County's ("Defendant") Motion to Dismiss (the "Motion") (Dkt. 11). Plaintiff Nicole A. Howell ("Plaintiff") filed a response (Dkt. 13), and Defendant filed a reply (Dkt. 14). For the reasons that follow, the Court recommends the Motion (Dkt. 11) be **GRANTED**.

## I. BACKGROUND

On August 15, 2022, Plaintiff, proceeding *pro se* and *in forma pauperis*, commenced this civil rights lawsuit against Defendant. *See* Dkt. 1. Plaintiff originally brought her claims in the Northern District of Texas on approximately July 27, 2022, and on July 29, 2022, U.S. Magistrate Judge Irma Carrillo Ramirez recommended her action be dismissed without prejudice for improper venue. *See* Dkt. 1 at 2; *Howell v. Just. Ct. 3-1 of Collin Cnty.*, No. 3:22-CV-1632-X-BH, 2022 WL 4125262 (N.D. Tex. July 29, 2022), *R. & R. adopted*, 2022 WL 4125089 (N.D. Tex. Sept. 8, 2022). In the complaint (Dkt. 1), Plaintiff alleges she was "picked up on an illegal mental [h]ealth warrant signed by a judge from the Justice Court 3-1 of Collin County." *Id.* at 4. Plaintiff alleges "[t]here was no evidence that [she] was a harm to [herself] or anyone else and [she] had no mental health

1

history what-so-ever," she was transported to a mental health hospital, did not see a judge within seventy-two hours, and never received a court-appointed attorney. *Id.* Plaintiff alleges she was held for a total of six months at four different hospitals and "received over a million dollars of debt." *Id.* Plaintiff further asserts that "[a]ll of [her] civil rights were violated and when [she] brought this to the [state court's] attention[,] they continued to issue 5 more mental health warrants and charge me even more debt instead of fixing it." *Id.*

Plaintiff requests monetary damages of approximately $2.4 million, that her mental health record be expunged, her credit history be "fix[ed]," and "mental relief." *Id.* at 5; Dkt. 1-1. Plaintiff includes the following in support of her complaint (Dkt. 1): a previous complaint against Methodist Richardson Medical Center Mental Health filed in the Northern District of Texas, *see* Dkt. 1-2 at 1–4; a State Commission on Judicial Conduct Sworn Complaint Form identifying Judge John E. Payton as the respondent judge, *see id.* at 5–11; a State Commission on Judicial Conduct Sworn Complaint Form identifying Judge C. Ruckel as the respondent judge, *see id.* at 12–13; Dkt. 1-3 at 1–4; a State Commission on Judicial Conduct Sworn Complaint Form identifying Judge Mike Missildine as the respondent judge, *see* Dkt. 1-3 at 5–10; and a previous complaint against Justice Court 3-1 of Collin County filed in the Northern District of Texas and attachments of state court proceedings, *see* Dkt. 1-4 at 1–51.

On November 5, 2022, Defendant filed the Motion (Dkt. 11), wherein Defendant argues that the complaint (Dkt. 1) should be dismissed with prejudice because Defendant lacks jural existence and cannot be a proper party to this lawsuit. *See id.* at 4. Defendant argues "Plaintiff has set forth no facts to show that the 'Justice Court 3-1 of Collin County' is a separate entity subject to suit." *Id.* at 5. On November 18, 2022, Plaintiff filed a response (Dkt. 13) arguing that she is

2

suing the Justice Court 3-1 of Collin County "for their disregard for the laws and the complete violation of [her] [c]ivil [r]ights." Dkt. 13 at 1. Plaintiff argues:

> Justice Court 3-1 informed [her] that [she] could in fact write a statement to the Court . . . [b]ut since it is more than one Judge, more than one employee, and several laws ignored that have [put] into a terrible situation financially and humanly, [she] decided to sue the Justice Court 3-1 of Collin County to ensure that this tragedy never [happens again] to anyone else.

*Id.* at 3. On November 21, 2022, Defendant filed a reply (Dkt. 14) arguing Plaintiff's complaint (Dkt. 1) should be dismissed because she has not shown the Justice Court 3-1 of Collin County has jural existence. *See* Dkt. 14 at 2.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "In evaluating motions to dismiss filed under Rule 12(b)(6), the court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). "Further, '[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001)). However, courts are "'not bound to accept as true a legal conclusion couched as a factual allegation'" *In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, (1986)). "The well-pleaded facts must permit the court 'to infer more than the mere possibility of misconduct.'" *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011), *as revised* (Dec. 16, 2011)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether the plausibility standard has been met is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

At the motion to dismiss stage, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir.), *cert. denied*, 143 S. Ct. 109 (2022) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III. ANALYSIS

"A plaintiff may not bring a claim against a governmental agency or department unless it enjoys a separate and distinct legal existence." *McGrew v. City of Wichita Falls*, No. 3:14-cv-679, 2015 WL 3528236, at *6 (N.D. Tex. June 4, 2015) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991)). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Id.* at *6 (citing *Darby*, 939 F.2d at 313–14). The capacity of a county or city department to be sued is determined by the state where the district court is located. *See Darby*, 939 F.2d at 313; *see also* FED. R. CIV. P. 17(b)(3). Because this Court sits in Texas, it must apply Texas law to determine whether Defendant can be sued. *See id.*

As federal courts in Texas have repeatedly held, "courts are non-jural entities that are not subject to suit." *See Fleming v. Sixth Dist. Ct. of Lamar Cnty.*, No. 420CV00025RWSCAN, 2020 WL 8299710, at *2 (E.D. Tex. Dec. 23, 2020), *R. & R. adopted*, 2021 WL 274444 (E.D. Tex. Jan. 27, 2021) (collecting cases); *Lang v. Tarrant Cnty. Dist. Ct.*, No. 4:22-CV-206-P, 2022 WL 7035291, at *3 (N.D. Tex. Oct. 12, 2022); *Welch v. Jefferson Cnty. Ct.*, No. 1:12-CV-330, 2015 WL 66495, at *4 (E.D. Tex. Jan. 5, 2015); *Moore v. Crowley Cts.*, No. 3-07-CV-0962-M, 2007

WL 3071188, at *2 n.1 (N.D. Tex. Oct. 22, 2007). Here, the complaint (Dkt. 1) contains no allegation that Collin County has taken explicit steps to grant Defendant with jural authority. *See Darby*, 939 F.2d at 313–14. Thus, even if the Court takes all of Plaintiff's allegations against the Defendant as true, Plaintiff has failed to state a claim upon which relief can be granted. *See id.*

Furthermore, because Collin County has not granted Defendant with jural authority, it would be futile to grant Plaintiff an opportunity to replead with respect to Defendant. Accordingly, because Defendant has no separate jural existence and is not a suable entity, the Court recommends dismissing Plaintiff's claims against Defendant with prejudice.

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 11) be **GRANTED** and Plaintiff's claims against Defendant be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party filing objections is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten (10) to fourteen (14) days).

**So ORDERED and SIGNED this 16th day of June, 2023.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE